BENEDICT & OAKLEY *vs.* SMITH and others.

A chattel mortgage which is not accompanied by an actual and continued change of possession of the whole property mortgaged, and which mortgage is not filed in the proper clerk's office, as required by the act of 1833, is absolutely void as against the creditors of the mortgagor ; and not merely void as to so much of the property mortgaged as remained in the possession of the mortgagor.

Where a creditor's bill was filed to reach the property of the defendant in a judgment, after the return of an execution unsatisfied, and a supplemental bill was afterwards filed to set aside a chattel mortgage given by him to the

1843.

Benedict
v.
Smith.

defendants in such supplemental bill; *Held*, that one of the mortgagees was an incompetent witness, to establish the fact of the due settlement and discharge of the judgment upon which the original bill was based ; as the supplemental bill against the witness must, of course, be dismissed if the complainants failed in sustaining their original bill against the judgment debtor.

Under the provisions of the revised statutes the general authority of the attorney of the plaintiff in the suit, in which a judgment is obtained, to receive payment and acknowledge satisfaction, is presumed to continue for at least two years ; but it may be revoked within that time.

Where an attorney has obtained a judgment the collection of which is doubtful, it seems that he is authorized, by virtue of his general retainer, to discharge the judgment upon receiving a part thereof and security for the payment of the residue. But where the debt is fully secured, by the levy upon property of the defendant more than sufficient to satisfy the judgment, the attorney is not authorized, without a special authority from his client, to discharge the lien of the judgment and execution without receiving payment of the debt in full. And if the client repudiates the transaction immediately, and gives up the securities taken by the attorney, the judgment will not be considered as discharged as against the defendant therein, who knew the facts, and had therefore legal notice that the attorney exceeded the authority which he possessed, under a general retainer in the suit.

Where a person, without authority, assumes to act as the agent of another, the one for whom he assumes to act cannot claim the benefit of his agency in part and reject it as to the residue of the same transaction.

If the attorney upon record goes beyond his general power, in compromising or taking security in discharge of a debt entrusted to him for collection, and the client, upon being informed of the transaction, does not within a reasonable time signify his dissent, the court will presume the attorney had a special authority thus to act for his client; especially where the client receives the benefit of the security taken by the attorney on such compromise.

THIS was an appeal from a decree of the vice chancellor February 21. of the eighth circuit, dismissing the complainants' bill against the defendant E. Smith, and their supplemental bill against Ithamar Smith and others. The original bill was filed to reach the property of the defendant therein, after the return of an execution upon a judgment against him unsatisfied ; and the object of the supplemental bill was to set aside a chattel mortgage, given by E. Smith to the other defendants, on the grounds of fraud and that there had been no change of posssesion of the property, and that the mortgage had not been filed as required by law. The defence set up to the original as well as to the supplemental bill, was that the judgment in favor of the complainants, against E. Smith, had been satisfied and discharged by their attor-

ney, E. Griffin.   And Ithamar Smith, one of the defendants in the supplemental bill, was examined as a witness to prove that Griffin had a general authority, to settle the debt as he should think proper.   The testimony was received by the examiner subject to the objection of the complainants' counsel that the witness was incompetent.

*E. P. Smith & F. M. Haight,* for the appellants.

*Orlando Hastings,* for the respondents.

THE CHANCELLOR.   The defendant Ithamar Smith was an incompetent witness in this case, either for his co-defendants in the supplemental bill, or for the defendant in the original suit.   The chattel mortgage to him and his associates not being accompanied by an actual and continued change of possession of the property, and not being filed in the proper clerk's office, as required by the act of April, 1833, (*Laws of* 1833, *p.* 402,) it was absolutely void as against the complainants as creditors of the mortgagor.   It is not material in this case that a part of the mortgaged property was delivered, inasmuch as a part thereof remained in the possession of the mortgagor.   The statute does not avoid the mortgage merely as to so much of the property as remains in the possession of the mortgagor.   But the mortgage itself is declared void, if not filed as directed by the act, where it is not accompanied by an immediate delivery and followed by an actual and continued change of possession of the things mortgaged.   And a change of possession as to part of the property included in the mortgage, is not a change of possession of the things mortgaged, within the intent and meaning of the statute.   The mortgage must therefore be filed, unless there is an immediate delivery of the whole property embraced therein and a continued change of possession, or such mortgage is made absolutely and wholly void, as to creditors, by the express terms of the statute.   The supplemental bill against the witness and his co-mortgagees must therefore be sustained, unless they can

destroy the foundation thereof by showing that the judgment against E. Smith, upon which the original bill is based, was legally satisfied and discharged. The witness was therefore directly interested in the testimony which he was called on to give. For the supplemental bill, to set aside this chattel mortgage, falls of course, if the complainants fail in sustaining their original bill against their judgment debtor.

The execution which was first issued, upon the judgment, appears to have been sued out in the name of E. Darwin Smith as the plaintiff's attorney ; and I have not been able to find any evidence that he was the general partner of Griffin in his law business at the time this judgment was recovered and the execution issued. But upon looking into the judgment record, which was produced in evidence, it appears that Griffin was the attorney on record of the plaintiffs in that judgment, and that Smith appeared for the defendant and signed the cognovit upon which the judgment was rendered. Griffin being the attorney on the record, therefore, his general power to receive payment of the judgment, and to acknowledge satisfaction thereof, is, under the provisions of the revised statutes, (2 *R. S.* 362, § 26, 29,) presumed to continue for at least two years after the rendition of the judgment ; unless it appears that his general powers as the attorney for the plaintiffs in that suit had been revoked within that time. The defendant was therefore authorized to consider him as the attorney of the plaintiffs in the judgment, and as possessing the general power and control over the proceedings, for the obtaining satisfaction of that judgment, which the attorney on record has by virtue of his general retainer in other cases. And if the property levied on by the execution in this case had not been sufficient to pay the whole debt, if sold by the sheriff in the ordinary way, a question of some importance might have arisen, whether the attorney on record, who is employed to collect a doubtful debt for his client, may not, even after judgment, receive a part of the debt, and discharge the lien of the judgment upon receiving security for the payment of the residue of the debt.

VOL. X.                17

1843.

Benedict
v.
Smith.

In this case, however, the proof shows that the sheriff had levied upon property of the defendant in the execution, the title to which was undisputed, sufficient to satisfy the judgment. It also appears that the assignment of the land contract was made to the attorney, and not to the plaintiffs in the judgment. In taking such a security and discharging the lien of the execution, and agreeing that the sheriff should return the execution unsatisfied, the defendant was bound to know that Griffin went beyond the authority which an attorney possesses by virtue of his general retainer. And if the complainants had repudiated the transaction immediately, and offered to give up all the securities which Griffin had assumed to take for their benefit, as their attorney and agent, I think they would not have been bound by his acts ; but that the judgment would have been considered as in full force against the defendant therein. (*Givins* v. *Briscoe*, 3 *J. J. Marsh. Rep.* 532. *Wickliff* v. *Davis*, 2 *Idem*, 71. *Greenville* v. *Roberts*, 7 *Louis. Rep.* 66.)

But where one person assumes to act as the agent of another, without authority, the person for whom he assumes to act cannot claim the benefit of his agency in part only, and reject it as to the residue of the transaction. And where the attorney upon record goes beyond his general power, in compromising or taking security for a debt entrusted to him for collection, if the client upon being informed of the transaction does not dissent, without any unreasonable delay, the court may presume the attorney had a special power thus to act ; especially where the client receives the benefit of the securities taken for him by his attorney. In the case under consideration, therefore, I think the vice chancellor was right in supposing that the complainants had adopted the acts of their attorney, by collecting the note taken by him on the settlement of the judgment, and by receiving from him the land contract which had been taken to secure a part of the debt. That the land contract was not intended to be taken as a mere collateral security for the balance of the judgment, leaving that judgment in full force pro tanto, is evident from the fact that the sheriff

was directed to return the execution satisfied, upon payment of his fees, and that Griffin gave a receipt in full for the debt and costs.

Upon the ground that the complainants have ratified the arrangement made by Griffin, by their subsequent acts, and that a subsequent ratification is equivalent to a previous authority, I must affirm the decree of the vice chancellor with costs.