————o————

SEMPLE, BIRGE & Co., Appellants, *vs.* JOHN ATKINSON, *et al.*, Respondents.

1. *Attorney—Power to compromise debt—Subsequent ratification.*—An attorney has no authority growing merely out of his employment to compromise a debt. And if the client accepts the fruits of the compromise, with knowledge of it, and without dissent, that may amount to a ratification, and such ratification would be equal to a previous authority.

2. *Principal and surety--Extension of note—What agreement will discharge surety.*—The execution of a deed of trust by a principal debtor, whereby property not subject to execution was made liable for its payment, is a good consideration for a promise to extend the time for payment of the note, and such an agreement will discharge the surety.

*Appeal from Bates County Circuit Court.*

*A. Henry*, for Appellants, cited : Lippold vs. Heed, 58 Mo. 213 ; Thomas vs. Irwin, 43 Mo. 162 ; McDonald vs. Hulse, 16 Mo. 502 ; Brengle vs. Bushey, 40 Md. 141 ; Blackburn vs. Jackson. 26 Mo. 308 ; Williams vs. Boyce, 11 Mo. 537 ; Spears vs. Ledergerber, 56 Mo. 465 ; Walden vs. Bolton, 55 Mo. 405.

*C. C. Bassett*, for Respondents, cited : Burge Suret. 206 ; 3 Den. 512 ; Small vs. Smith, 38 Mo. 478 ; Benedict vs. Smith, 10 Paige, 126.

NORTON, Judge, delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Bates county, sustaining a motion to quash an execution for $365.75 issued on a judgment obtained in said court by plaintiffs against the defendants.

The reasons assigned in the motion for quashing the execution are : 1, that the judgment on which it had been issued had been satisfied and paid ; 2, that defendant Atkinson was only a surety on the note on which the judgment had been rendered ; that plaintiff had previously caused an execution to be issued on the judgment, which was levied upon certain lands of the defendant Bigelow, who was the principal, and also on a threshing machine ; that the land levied upon was claimed as a homestead by said Bigelow, and that after the levy was made the attorney of plaintiffs agreed with Bigelow that if he would give the said attorney, as agent of plaintiffs, his note for the amount of the debt and costs, and secure the same by deed of trust on the real estate which had been levied upon, he would extend the time of payment six months, release the said threshing machine, and also release Bigelow from any further obligation on said judgment ; that this arrangement was agreed to by Bigelow, who executed his note to said attorney, payable in six months, for $417, and also a deed of trust on the real estate mentioned to secure the same ; that the costs were paid, the threshing machine restored to Bigelow, and the execution ordered to be returned.

This motion of defendants appears to have been treated as a petition, and all the material allegations were denied by plaintiffs, and the fact alleged to be that the note and deed of trust were taken as collateral security, and not in payment, and that the attorney had no authority to receive the note in payment of the debt, and that it was not so received ; that the time of payment was only extended, and that this extension of time was made for the benefit of Atkinson.

The motion to quash the execution was sustained, and from this judgment plaintiff appeals.

The evidence in the case tends to show that Atkinson was the surety of Bigelow on the note on which judgment was rendered and execution issued; that the first execution issued on the 3d of June, 1873, was levied on real estate of Bigelow, exempt from execution on the ground of its being his homestead, and also on one threshing machine, as the property of Bigelow; that subsequently thereto, the said Bigelow and the attorney of the plaintiffs made an arrangement under which Bigelow executed his note for $417, including the principal, interest and cost of the judgment due in six months, and a deed of trust conveying the real estate claimed by him as a homestead to secure its payment; that upon the execution of said note and deed of trust the time was extended for the collection of the debt six months, the execution was ordered to be returned by plaintiff's attorney, and the threshing machine, which had been levied upon, was delivered to Bigelow, by the direction of plaintiff's attorney; that the real estate conveyed in the deed of trust was of the value of $1000, according to the evidence of three witnesses, and of the value from five to seven hundred dollars, according to the evidence of the attorney to whom it was executed; that it was incumbered by a prior mortgage for about $400; that default being made, at the end of six months it was sold to the brother of plaintiff's attorney at $100, and after deducting the costs of sale, the remainder, $86, was directed to be placed as a credit on the execution.

It is argued that the attorney could not bind his principal by such an arrangement as was made with Bigelow, unless authority had been given him to do so.

That an attorney has no authority, growing merely out of his employment in that capacity, to compromise the debt or claim of his client, has received the sanction of this court in Spears vs. Ledergerber (56 Mo. 465), and Waldren vs. Bolton (55 Mo. 405).

The principle invoked by counsel, however, does not apply in this case, as it appears from the evidence of the attorney himself that, although he had no authority to compromise the claim, he did have authority to extend the time of payment. The evidence shows that the time of payment was extended by him for six

months, and if this agreement to extend the time was made on sufficient consideration, its effect would be to discharge the security. The execution of the deed of trust, whereby property not subject to sale on execution became liable for its payment, *was* a good consideration for the promise.

It was held in the case of Smarr vs. Schnitter (38 Mo. 478), that a security is released when the holder of a note agrees, on sufficient consideration, to extend the time of payment ; and that a deed of trust given to secure the principal debtor in the note after its maturity, providing that no sale shall be made to enforce the security for eighteen months, was a sufficient contract to extend the time of payment.

It may also be observed that the evidence in the case tends to show that the whole arrangement between Bigelow and the attorney was intended as a settlement of the debt, as the property yielded up by Bigelow not subject to sale, but for his agreement that it should be so, was worth from $700 to $1,000, sufficient to satisfy the debt after paying off the prior incumbrance. That this was the intention, the fact of the threshing machine being given to defendant is further evidence.

Although the attorney, from his simple employment as such, may have had no authority thus to compromise, yet if the client accepted the fruit of the compromise, with knowledge of it, and without dissent, it might well amount to a ratification, and a subsequent ratification in such a case would be equal to a previous authority. (Benedict vs. Smith, 10 Paige, 126.)

The judgment is affirmed, with the concurrence of the other judges.