ADOLPHUS H. MAAS, Respondent, *v.* CYRUS H. CHATFIELD, Appellant.

Defendant, a leather dealer, had made frequent purchases of hides of R. & Co.; that firm applied to him to accommodate them with a note upon which they could raise money; this request was refused; an arrangement was thereupon entered into, embodied in two instruments, one a promissory note executed by defendant, dated November 24, 1874, for $2,820, payable in four months from date to the order of R. & Co., the other a bill of sale executed by R. & Co., of a quantity of hides at a specified price per pound, to be delivered December 20, 1878, and an acknowledgment of receipt " by note of twenty-eight hundred and twenty." R. & Co.

sold the note on the day of its date to plaintiff, who purchased at a discount of ten per cent. In an action upon the note, wherein defendant set up usury as a defense, *held*, that the note was given for a sufficient consideration, even if the contract between the parties thereto involved nothing more than mutual promises; and that plaintiff was entitled to enforce the same, although he purchased at a discount exceeding the legal rate of interest.

Written across the margin of the bill of sale when introduced in evidence appeared the following: " To pay note on December 20, if hides are not delivered." *Held*, that considering this as part of the contract, it would not relieve defendant; that until the date stated, the note was good and valid, even in the payees' hands, and they had the power to dispose of it;'and that a subsequent violation of the agreement did not vitiate the note, or subject it to a defense in the hands of a purchaser for value.

(Argued October 19, 1882 ; decided October 27, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made May 20, 1881, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought upon a note for $2,820, executed by defendant dated November 20, 1878, payable four months after date to the order of Rosenbach & Co., and indorsed by them to the plaintiff.

The answer alleged, upon information and belief, that the note was given for the accommodation of S. Rosenbach & Co., upon their agreement to pay the note on the 20th of December, 1878, unless they should deliver to the defendant on that day a quantity of salted hides which were not delivered, and that the note having been so made and delivered was usurious because it was purchased by the plaintiff from Rosenbach & Co., at a discount of ten per cent per annum for the term it had to run.

Upon the trial it appeared that Rosenbach & Co. were engaged in the hide business, and that the defendant, who was a leather dealer, had been in the habit of purchasing hides from them for many years, sometimes paying for his purchase in

cash and at times by note. On the day of the date of the note, Lauterbach, one of the firm, asked the defendant to accommodate him with a note, which the latter refused to do unless the former would secure him, which Lauterbach said he would by giving him a bill of sale for four hundred salted selected hides, to be delivered on the 20th of December, 1878, and that he would put it down in writing, that if he did not deliver the hides on the day above-mentioned he would pay the note; that he would put that statement. in the bill of sale; upon those conditions the note was given. The bill of sale was in these words:

"Bought of S. Rosenbach & Co. four hundred salted selected hides, $a8\frac{1}{4}$.

Delivered Dec. 20, 1878.

Received by note twenty-eight hundred and twenty.

S. ROSENBACH & CO."

Upon its production on the trial, the following words appeared written *transversely* across the margin: "To pay note on Dec. 20th, if hides are not delivered," but it does not distinctly appear by whom they were written, nor were they apparently in the same handwriting as the body of the bill. It also appeared upon the trial that on the 6th of December, 1878, the firm of S. Rosenbach & Co. made an assignment and the defendant failing to get possession of the hides on the 20th of December, 1878, on the following day commenced an action against the assignee to obtain them ; in his complaint and affidavit, he claimed and made oath, that the assignee had wrongfully detained the hides from him, and that he was the owner. It also appeared by the testimony of the defendant that he obtained the possession of the hides as the result of the proceedings in that suit. The defendant also testified in substance that it was the understanding that the note was to be in payment for the hides if they were delivered to him.

*S. B. Brownell* for appellant. Where a note or bill is given upon a condition or promise that the payee will do a certain

act, and he neglects or fails to keep his promise, there is a total failure of the consideration. (Edwards on Bills, 335 ; *Benton* v. *Martin*, 52 N. Y. 514.) Parol evidence is admissible to prove that a bill of sale, or deed absolute on its face, was, in fact, delivered as a mortgage or security. (*Seymour* v. *Cowing*, 1 Keyes, 532 ; *Hodges* v. *T. & M. Ins. Co.*, 8 N. Y. 416 ; *Wooster* v. *Jenkins*, 3 Denio, 187, 189.)

*M. L. Townsend* for respondent. If a note be given for a promise or a contract of which performance can be enforced, a refusal to perform is no defense upon the note. (1 Parsons on Notes and Bills, 200 ; *Cammeron* v. *Chappell*, 24 Wend. 94 ; *Troy City Bank* v. *McSpedon*, 33 Barb. 81 ; *Davis* v. *Mc-Cready*, 17 N. Y. 230.) If the agreement and undertaking of the parties to the transaction was not determinable from the whole evidence as matter of law, and the plaintiff was not entitled to a verdict by direction of the court, then it was a proper question for the jury. (*Kavanagh* v. *Wilson*, 70 N. Y. 177 ; *Hodge* v. *City of Buffalo*, 1 Abb. N. C. 356 ; *Roberts* v. *Gee*, 15 Barb. 449 ; *Koehler* v. *Adler*, 78 N. Y. 388.) The court properly charged that it was for the jury from the whole evidence in the case and the circumstances, to construe, that is, "find out, determine, interpret, translate, render," the agreement. (*White* v. *Hoyt*, 73 N. Y. 505.) In considering whether a single proposition contained in a charge is erroneous, it is to be construed in connection with the context. (*Sperry* v. *Miller*, 16 N. Y. 413 ; *Morehouse* v. *Yeager*, 71 id. 594 ; *Caldwell* v. *N. J. S. Co.*, 47 id. 282.)

Danforth, J. Even if the contract between the defendant and Rosenbach & Co. involved nothing more than promises by one to the other, the consideration was sufficient and the engagement of either must be enforced in favor of any one to whom it has been transferred, although at a discount exceeding the legal rate of interest. At the close of the evidence the plaintiff may well have assumed the fact to be as above suggested, and that this principle was to be applied. He asked

the court to direct a verdict in his favor, and the request should have been granted.

It was proven that the defendant was a leather dealer, and Rosenbach & Co. dealers in hides. There had been for six or seven years, frequent transactions between them, in the course of which the defendant had purchased hides of Rosenbach & Co., and paid therefor. Upon the occasion in question, Lauterbach, one of the firm, applied to the defendant " to accommodate him with a note so that he could raise money." If this request had been followed by compliance and nothing more, it is obvious that the plaintiff could not recover, — the note would have been a mere accommodation note, without consideration, and his title under the circumstances affecting it, no better than that of Rosenbach & Co. But the defendant did not acquiesce. He refused to do it, and the negotiation resulted in an arrangement which was embodied in written instruments. One was the note in question. The other was a bill of sale signed by Rosenbach & Co. They were exchanged between the parties. The note was dated November 20, 1878, and was for $2,820, payable in four months after date to the order of S. Rosenbach & Co., at Long Island Bank, and purported to be for "value received." The contract is in form a bill of sale; it reads:

" C. H. CHATFIELD :

"Bought of S. Rosenbach & Co., 400 salted selected hides at 8¼.

"Deliver.                              *December* 20, 1878.

"Received by note twenty-eight hundred and twenty.
                         "S. ROSENBACH & CO."

The writing embodies a perfect contract, although until the hides were weighed and ready for delivery, the price could not be ascertained, and so the receipt is not in full, but for an amount stated. The price per pound is given, and the gross sum, when ascertained, might exceed, or fall below the amount of the note, which was doubtless given by estimation of the probable value of the hides, and not as the sum wanted by Rosenbach & Co., for of that no mention is made. The first

clause is a plain bill of sale, and indicates as its consideration, the note now in suit. The testimony of the defendant shows that such was his understanding of the matter. He says, if the hides had been delivered, he should have paid the note. The sale and promise to deliver was not less a consideration than the actual delivery would have been. But applying his argument to the memorandum as part of the contract, the appellant contends that the note was made upon the " agreement of Rosenbach & Co. to deliver the hides on December 20, or pay the note on that day." If this is so, it would not within the rule above stated, relieve the defendant. The condition was not to be performed until December 20, so that from November 27, to that time, it was a good and valid note, even in the payees' hands. The maker could not have reclaimed it. If it had matured before December 20, the payees could have enforced payment. As it was, they had the legal title and the power of disposition. It was negotiable by its terms, and was in fact sold for value and transferred to the plaintiff on the day it was given. A subsequent violation of the agreement on which it then stood would not vitiate the note, or subject it to a defense good only against one for which no consideration had been given. (*Cameron* v. *Chappell*, 24 Wend. 94 ; *Davis* v. *McCready*, 17 N. Y. 230 ; *Dowe* v. *Schutt*, 2 Denio, 621.)

There was no promise expressed, or to be implied on the part of Rosenbach & Co. to pay the note, except in the event of a non-delivery of the hides, and this was a condition subsequent to the main contract, and independent of it. Moreover it appears that by legal proceedings commenced by this defendant on the 20th day of December, 1878, he did in fact obtain possession of the hides, and has since sold them and received the price therefor. His title has been confirmed by judgment. As no defense was established, there was no question for the jury, and it is not necessary to consider the objections raised by the appellant to the judge's charge.

The judgment should be affirmed.

All concur, except RAPALLO, J., absent.

Judgment affirmed.