EZRA GILDERSLEEVE, Appellant, *against* THE PELHAM AND PORTCHESTER RAILROAD COMPANY. Respondent.

(Decided December 4th, 1882.)

A promissory note was given in consideration of the discontinuance of an action pending against the maker, and the execution and delivery to him of a general release by the plaintiff. The release was delivered, but the action was not discontinued. *Held,* that an action on the note against the maker could not be maintained by an indorsee after maturity although it did not appear that any damage to the maker had resulted from such failure to discontinue.

APPEAL from a judgment of this court entered upon the dismissal of a complaint.

In October, 1877, one W. R. Bergholz commenced an action against this defendant to recover the sum of $5,000 for services alleged to have been performed for it by Bergholz. The defendant answered denying the indebtedness. On the 28th of September, 1880, a settlement of this litigation was had, whereby Bergholz agreed, in consideration

of the defendant giving to him its promissory note for the sum of $6,000, that he would discontinue his action without costs, and execute and deliver to the company a general release. The note was executed and delivered, and Bergholz executed and delivered a general release of his claim against the company; but he has never discontinued his said action, nor has he ever tendered a discontinuance of the same to the defendant.

Bergholz sold the note which he received, after maturity, and the same thereafter came into the hands of the plaintiff, who brought this action to recover the amount of the same.

Upon these facts the complaint was dismissed and judgment thereupon entered for defendant. From the judgment plaintiff appealed.

*Thorndike Saunders*, for appellant.

*J. M. Ferguson*, for respondent.

VAN BRUNT, J.—[After stating the facts as above.]—It is urged upon the part of the appellant in this case that the material part of the consideration for the note was performed, and that the balance was insignificant, and was and is within the reach of the defendant, and that no damage resulting from such partial failure having been shown, such partial failure formed no defense.

The consideration for the contract out of which the note in question arose consisted partly in the discontinuance of a suit then pending against the defendant. It is impossible to say that this was an immaterial part of such consideration. The defense of a suit pending for the same cause of action has always been upheld, and it formed no part of the defendant's case to show that it had sustained any damage by reason of the pendency of the former suit.

In the case at bar, the former suit being in existence, the right to any defense to that suit depended upon the success of the defendant in being allowed to set up the settlement out of which the note in question originated by a supple-

mental pleading. If the parties desired to recover upon the note, a part of the consideration of which was the discontinuance of that suit and a relieving of the defendant from it, they clearly cannot call upon the defendant to pay such note until they have relieved it of the necessity of making any motion or establishing any defense in the suit already pending. The defendant has a right to claim, before it can be called upon to pay the note in question, that it shall be placed beyond any of the contingencies which so frequently arise by which evidence of a cause of action or of a defense is lost, and the defendant cannot be placed in the position of a moving party for the purpose of compelling the discontinuance of that action. The agreement appears to have been that the plaintiff in that action would cause its discontinuance, not putting the defendant to the trouble of any motion in reference thereto.

Under these circumstances the consideration for the giving of the note in question in a material part has failed, and the plaintiff cannot claim a recovery, such part of the consideration remaining unperformed.

The judgment should be affirmed, with costs.

VAN HOESEN and BEACH, JJ., concurred.

Judgment affirmed, with costs.