McAdam, C. J.
The sole defense pleaded is “that the note set forth in the complaint was a renewal of a note given in part for a bond to be executed by plaintiff and to be delivered to defendant, said bond being for the purpose of saving defendant harmless from all damages arising out of the use by it of certain patented machines manufactured by plaintiff, and that plaintiff has refused to deliver said bond to defendant. ’’This answer, although vague and indefinite, is scarcely demurrable. The evidence adduced upon the trial developed the nature of the defense, makes clear the facts, and enables the court to apply the principles of law which govern the contention.
The facts are briefly these: Aaron S. Nichols, granted to the defendant, the sole and exclusive right to use, for lumber drying purposes, in the cities of New York and Brooklyn, Jersey City and Hoboken, the “NicholsLumber Dryer” (a patented invention). Nichols agreed to execute a bond of indemnity in favor of the defendant, to hold it harmless from-any loss that may arise to it directly or indirectly on account of any suits at law or in equity, arising from the aforesaid patent or from any infringement thereof. He also agreed that the plaintiff would join in said bond. The defendant got the entire benefit of this contract, except the bond of indemnity. The original note (of which the one in suit is the renewal) is said to have been given on this contract.
Upon the defendant’s own .theory there has been but a partial failure of consideration, and to what extent in dollars and cents does not apppear.
Between the original parties to a note, a partial failure of consideration may be pleaded as a partial defense (Fisher v. Sharpe, 5 Daly, 214), but it does not follow that because it may form a partial defense, that the plaintiff is entitled to recover nothing. Presumptively the whole amount of the note is due, for it is an acknowledgment of debt to the amount stated in it.
The defendant may plead total failure of consideration and defeat any recovery on the note, or partial failure, and diminish the recovery to the extent of the injury.
The defendant in the present case does not plead that the failure resulted in any injury to it or that it has suffered any damage- whatever in consequence, and it does not seek to reduce the plaintiff’s recovery, but to defeat it-altogether.
In order to do this the defendant claims that the agree *703 ment to give the bond, was in the nature of a condition precedent to the payment of the note. The note, which is in the nature of an independent promise, expresses no such, condition. Bruce v. Carter, 1 City Ct. R., 380.
When the terms of the contract do not make the performance by one party dependent upon a prior performance by the other, but the promise of each is the consideration for the other, the. promises are independent; each may maintain an action on the promise of the opposite party, in case of non-performance, without alleging or proving performance by himself; but if the plaintiff has failed to perform, the defendant may set up and prove such nonperformance, either as a partial or total defense, as the non-performance may be partial or total, and be allowed, by way of recoupment any damages which he may have sustained by the breach. Pratt v. Gulick, 13 Barb., 297.
In Maas v. Chatfield (12 Week. Dig., 268), it was held that if a note be given for a promise or a contract, of which performance can be enforced, an omission to perform is no defense to an action upon the note. S. C. affirmed, 90 N. Y., 303.
In Murphy v. Lippe (35 N. Y. Supr. Ct. R., 542), it was held that the refusal to deliver a carriage for the purchase price of which the note in suit was given, .was not a failure of consideration for the note, but a mere failure to receive the benefit of the consideration for the sale.
In Sawyer et al. v. Chambers (44 Barb., 42), the plaintiffs agreed to deliver certain personal property for which the vendee gave a $6,000 promissory note. Goods to the value of $3,195 19 were delivered, for which the maker of the note paid a sum of money exceeding the contract price thereof. The balance of the goods were never delivered. The court refused to permit the defendant to prove the facts, and directed a verdict for the plaintiff for $7,031.34. Upon appeal a new trial was ordered, I can discover nothing in that case which bears upon the question involved in the present contention. If the defendant had offered to show that it had paid full value for what it had received, and was defending only in respect to the value it did not receive, the cases might bear some resemblance to each other.
In Bookstaver v. Jayne (60 N. Y., 146), the endorser pleaded that he became endorser on plaintiff’s promise to discontinue an action against the maker, that the plaintiff did not perform the agreement, and on the contrary proceeded to judgment in the action, levied on the maker’s stock of- goods and thereby destroyed his credit and caused-him to fail in. business. The court of appeals held that these facts constituted a defense. This case is unlike the *704 present, and so are the other cases cited by the defendant. Nichols failed to perform one of the conditions of his agreement, for which he is personally answerable to the defendant. The defendant might have recouped the damages against the note in the hands of the plaintiff, but he did not do so, and, having failed to mitigate the recovery by pleading and proving what it ought in fairness to pay on the note, and what it should not be called upon to pay, the court was bound to direct a verdict for the amount of the note, leaving the defendant to seek whatever remedy it may have for the breach complained of. The notes given are payable absolutely without condition or reservation— they are, as before suggested, independent promises on the part of the defendant, and in no sense dependent upon the performance of the condition of the agreement requiring the delivery of a bond to the defendant. This part of the agreement is not a condition precedent to the payment of the notes, the legality of which at the maturity was not questioned, for they were renewed by the notes in suit, and thus the theory of independent promise was, by the act of reversal, recognized and reaffirmed by the parties.
Upon the entire case the direction to find for the plaintiff was right, and the motion for a new trial must be deno costs.