LOUIS BRACCO, Respondent, *v.* JAMES G. TIGHE, Appellant.

*Appeal — presumption as to contested facts — contract — when executory — when a partial performance of the contract will sustain a recovery.*

Upon an appeal from a judgment rendered upon the verdict of a jury by direction of the court, all the contested facts must be deemed to have been established in favor of the appellant, and the most favorable inferences to be drawn from the evidence must be assumed in his favor.

A contract was made, one of the parties to which promised to give to the other the exclusive privilege of furnishing laborers, at a specified price per day, on certain work therein mentioned, and on all other work where he should have the privilege of supplying labor, for which the other party agreed to pay fifty dollars a month for each 100 men so employed.

*Held,* that the consideration was executory, the counter promise, and not the performance, constituting the consideration.

If one of the parties to a contract, with full knowledge of the inability of the other party thereto to keep one portion of such contract, requests and accepts performance of another portion thereof, this constitutes of itself a waiver of the partial non-performance, and a recovery may be had under the contract for that portion thereof which was performed, and it is a question for a jury whether or not such performance was not a substantial performance.

APPEAL by the defendant, James G. Tighe, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 23d day of May, 1893, upon the verdict of a jury, rendered by direction of the court after a trial at the New York Circuit, dismissing the defendant's counterclaim and for the recovery of damages and costs by the plaintiff.

The complaint alleges the making of a contract between the parties to the action; a payment by the plaintiff of $600 to the defendant on account thereof; a failure of performance by defendant, which, it is alleged by the terms of the agreement, rendered it void; a demand made upon defendant for repayment to plaintiff of such sum; neglect and refusal to comply with such demand, and asks judgment for such amount with interest.

The complaint alleged the agreement to be as follows:

"WHEREAS, James G. Tighe, of the city of Brooklyn, has the privilege of furnishing the labor required on Section Two of what is known as the Water Extension on Long Island for the city of Brooklyn. And, whereas, work thereon will probably commence between the 6th day of March, 1890, and the 1st day of May, 1890, and, whereas, five hundred or more men will be required on said work, and the same will continue for probably two, three or more years.

"Now, in consideration of the premises, it is agreed by and between said Tighe and Louis Bracco, of the city of New York, that the said Bracco shall have the exclusive right to supply all the laborers needed on said work, and shall have the sole and exclusive right to board and to lodge said laborers, and for that purpose shall erect at his own expense the necessary buildings upon the grounds where said work is to be performed, and at his own expense furnish the necessary food, fire and light for their maintenance. And it is agreed, upon his part, he shall supply and furnish only good and able-bodied men, and to the number required by the contractor, at the agreed wages of one dollar and fifty cents per day.

"That said Bracco shall pay to the said Tighe every month the sum of fifty dollars for each one hundred men so employed, which shall be in full for all his interest in supplying said laborers as aforesaid, and all other sums of money arising therefrom shall belong to said Bracco alone.

"And it is further agreed by and between said parties that no other person shall have the privilege of furnishing any laborers on said work so long as the said Bracco shall supply good and suitable men to the satisfaction of the contractor therefor; that the said Tighe will not permit, in so far as he can prevent the same, any person locating upon the grounds of said work for the purpose of

providing board and lodging for the laborers employed thereon, and the right of said Bracco to discharge any laborers who shall board at any place other than that provided by said Bracco, or who shall act disorderly, shall be absolute.

"And it is further agreed by and between said parties, that the term of this agreement shall apply to any other work for which the said Tighe shall have the privilege of supplying labor.

"That any violation of the covenant of this agreement by either party thereto shall render the same void.

"In witness whereof, the said parties have hereunto set their hands and seals at the city of Brooklyn, this 6th day of March, 1890.

"J. G. TIGHE,

"LOUIS BRACCO.

"In presence of

"BENETTE F. MARTELLA."

The answer does not put in issue any of the allegations of the complaint, but it avers by way of counterclaim the making of a contract embracing the same subject-matter as the one set up in the complaint which it alleges was made in October, 1889, and under which it avers performance on the part of defendant to such an extent that it alleges there became due to the defendant, by reason thereof, the sum of $1,558.50, and demands judgment against the plaintiff in the sum of $958.50 over and above plaintiff's claim, with interest.

The cause coming on for trial, the allegations of plaintiff's complaint not being denied, the defendant assumed the affirmative for the purpose of establishing his counterclaim.

At the close of his testimony the counterclaim was dismissed and judgment directed for plaintiff for the amount claimed in his complaint.

*James M. G. Smith*, for the appellant.

*Herman Frank*, for the respondent.

PARKER, J.:

The allegations of the complaint were not put in issue by defendant's answer, and it follows that the court rightly directed a verdict in favor of plaintiff, if it be true that defendant had failed when he rested his case to establish his counterclaim. No motion was made

to dismiss the answer on the ground that it did not properly allege a counterclaim, and the evidence presented by the defendant to establish it was received without a single objection on the part of the plaintiff. Whether, in view of the fact that none of the allegations of the complaint were put in issue by the answer, any portions of the evidence might have been objected to and excluded, we do not determine.

No occasion is presented for a consideration of that question. We are only to inquire, in view of the manner in which the trial was conducted by both parties, whether at the close of defendant's testimony he had so far established the counterclaim alleged in his answer, or some portion of it, as should have led the court to have denied the motion to dismiss.

On this appeal we must, in disposing of that question, deem all contested facts established in favor of the appellant, and the most favorable inferences to be drawn from the evidence must be assumed in his favor. (*Galvin* v. *The Mayor*, 112 N. Y. 222.)

The defendant testified, and in such respect he was supported by the witness Martella, who acted as the interpreter in the transactions had between plaintiff and defendant, that in November, 1889, an agreement which, with the exception of the date, is in the same language as that set up in plaintiff's complaint, was executed by these parties and witnessed by Martella; that subsequently it was engrossed, and on the second day of December, two days later, an engrossed copy was executed by the same parties in the presence of the same witness. These executed writings were both received in evidence. Defendant testifies that a third paper, which is the same as the others, with the exception of the date, and a copy of which is set up in plaintiff's complaint, was made and executed at the request of the plaintiff, who assigned as a reason for the request that he was in trouble with two men who claimed to be his partners; that he then had a suit pending for the purpose of securing a decree dissolving the partnership, and that he wanted a new agreement made, so that for the subsequent privileges, which should be afforded him through the defendant, of obtaining work for laborers to be employed by him, there should be no opportunity for his alleged partners to claim the right to share in the profits which might ensue.

For his accommodation and because of such request defendant

FIRST DEPARTMENT, JANUARY TERM, 1893.          [Vol. 75.

caused another copy of the agreement, then in force, to be made and executed by himself and the plaintiff, the only change being in the date. From his testimony and that of the witness Martella, it appears that the $600 which plaintiff seeks to recover was paid at the time of the execution of the first agreement. It was paid with the understanding that it was on account of an advance required to be made, in order to obtain the right to furnish laborers on section 2 of what is known as the water extension on Long Island, for the city of Brooklyn. That privilege was never obtained as provided by the agreement. But there was another provision in the agreement, by which it was provided that the terms of the first provision should apply to any other work for which the defendant should have the privilege of supplying labor. Under it the plaintiff obtained, through the defendant, the privilege of supplying laborers to section 7 of the water works, running from Maverick to Rockaway. The contractor testified that at defendant's request he permitted the plaintiff to furnish the Italian laborers, and that the number furnished by him averaged 250 a month for a period of about seven months. The defendant and Martella each testified that plaintiff admitted to them that such a number of men were employed by the contractor through him.

In the latter part of April and May, defendant, having obtained the privilege of furnishing laborers at St. Johnsland, tendered the right to furnish them to the plaintiff, as by the agreement he had promised. Plaintiff accepted the offer and put eighty men at work there. Later, and in August, defendant obtained the privilege of furnishing laborers in some quarries in Connecticut, and this he tendered to the plaintiff, who accepted it.

Without a more extended review of the evidence it is sufficient to say that, under the last provision of the agreement, defendant obtained and furnished to the plaintiff the privilege of supplying laborers under at least three different contractors.

The point is made that it does not appear that plaintiff was permitted to furnish all the laborers, but only a portion of them, in the instances where he accepted privileges from the defendant.

It does appear that other men than those furnished by him were employed on section 7, but those men were more skillful than the laborers of the class furnished by the plaintiff.

The contractor when asked whether plaintiff had furnished all the laborers, said yes, he furnished all Italian laborers; the other men employed were mechanics. We think the evidence on that subject presented a question for the jury whether there was not a substantial performance of the agreement in such respect.

It was urged on the motion to dismiss the counterclaim, and again here, that the agreement was without consideration. This contention is without force.

The promise of the defendant to give the plaintiff the exclusive privilege of furnishing laborers at one dollar and fifty cents per day on the work named, and all other work where he should have the privilege of supplying labor, was the price for which the promise of the plaintiff was bought to pay defendant fifty dollars a month for each 100 men so employed. The consideration was executory, the counter promise, and not performance, constituting the consideration.

And the contract being founded on a good consideration, there remained for the defendant to show substantial performance on his part as a basis for the recovery of any sum claimed, or at least substantial performance of everything he had promised to do, which the plaintiff had not waived.

Now, the agreement represents the parties as having in mind a desire and intention to include within it:

*First.* Provisions relating to all the laborers to be employed on section 2 of water extension on Long Island for the city of Brooklyn.

*Second.* All labor to be employed on any other work for which defendant should obtain the right to furnish laborers. While the specific work which was first made the subject of agreement was probably the inducing cause of the making of the contract, and not unlikely may have been regarded by both parties as of more moment than the other, still, the other provision was substantial, and although it occupies but a few printed lines, the provisions of the clause preceding it are so incorporated into and made a part of it, that it must be treated as if written substantially in these words:

"Now, in consideration of the premises, it is agreed between the parties that Bracco shall have the exclusive right to supply all the laborers needed on any work for which Tighe shall have the privi-

lege of supplying labor, and shall have the sole and exclusive right to board and lodge such laborers.   *   *   *   And it is agreed that Bracco shall supply good and able-bodied men and to the number required by the contractors at the agreed wages of $1.50 per day; that said Bracco shall pay to the said Tighe every month the sum of $50 for each one hundred men so employed, which shall be in full for all his interest in supplying said laborers as aforesaid, and all other sums of money arising therefrom shall belong to said Bracco alone."

It may well be that these two subjects of agreement are so far interdependent that a refusal to perform either would absolve the other party from any obligation to pay for that which had been performed and accepted, without knowledge on the part of the acceptor of the inability of the other contractor to make full performance.   Still, the two subjects are so far divisible that if performance be waived by the party entitled to demand it as to one provision and accepted as to the other, a recovery may be had under the contract for that which was performed.   Further, if with full knowledge of defendant's inability to keep one portion of the contract, plaintiff requested and accepted performance of the other, such conduct of itself constituted a waiver.

According to the testimony of the defendant and his witness, it appears that after the making of the first contract in November, 1889, the defendant, under the second provision in the agreement, gave to him the privilege of furnishing laborers under several contracts; that he accepted the offers, made no objection that he was not accorded under any one of them all of the rights which it was the purpose of the contract to secure to him; that on several occasions defendant requested him to bring in his accounts, showing the number of men employed, to the end that a settlement might be had between them, and defendant promised each time to do so on the next visit.   It also appears that after the defendant had failed to obtain the privilege of supplying labor on section 2 of the water works, which was the subject of the first provision of the agreement, he informed plaintiff of it, who, instead of declaring the contract at an end, and asserting that there was such failure of performance on the part of defendant as denied to him the right of recovery for the privileges which he had furnished, continued to

accept the benefits which the defendant secured to him under the second provision of the contract, and in one instance, at least, accepted from him the privilege of furnishing laborers on a work in which he had not before been engaged.

In the light of these facts the court cannot say, as a matter of law, that the plaintiff did not waive any right he may have had to insist upon full performance under both provisions of the agreement as a condition of recovery.

There was such a performance under the second provision as at least presented a question for the jury, whether it was not substantial.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment reversed and new trial granted, with costs to the appellant to abide the event.