WEST v. BANIGAN et al.

(Supreme Court, Appellate Division, Second Department. May 29, 1900.)

1. NOTES—PERFORMANCE OF CONTRACT—SUFFICIENCY OF FACT.
    Plaintiff and defendant had agreed that the former should give up notes held by him, and take other notes made by defendant in place thereof. On the settlement one of the old notes was not turned over. The defendant testified that he did not examine the notes, and did not know that one was missing; but the plaintiff testified that he explained to defendant that the note was lost, and that he would deliver it if it was ever found, and that the notes were taken by defendant, and the new notes given, with such an understanding. *Held* to support a finding that defendant delivered renewal notes with the knowledge that one of the old notes was not delivered to him.

2. SAME—FAILURE OF CONSIDERATION.
    Defendants delivered their notes to plaintiff to replace other notes of one of the defendants, under an agreement with plaintiff, that he would turn over the old notes. He failed to turn over one of such notes, which he claimed was lost, but promised to turn over the note when found; and defendants delivered the new notes with such an understanding. Plaintiff did not refuse to deliver the note after it was found, but presented it in court for delivery. *Held* not to show a failure of consideration sufficient to prevent plaintiff from recovering on the renewal notes.

3. SAME—PRINCIPAL AND AGENT—RATIFICATION.
    An agent delivered notes made by his principal to renew other notes, without recovering all the old notes. He was told that one of the notes was lost, and would be delivered when found. By the terms of the agreement for renewal, the old notes were to be turned over. The principal

accepted the old notes received by the agent, and took his explanation as to the other note. *Held*, that the principal had ratified the acts of the agent.

4. SAME.

Where notes were given in consideration of the discontinuance of actions on other notes and the cancellation of such notes, but the agreement did not require a formal discontinuance of such actions, and defendant had not requested plaintiff to do so, but the actions had been abandoned, the defendant could not resist the payment of the renewal notes because the plaintiff failed to enter such formal discontinuance.

5. INSTRUCTION.

An instruction that a certain fact exists, when the fact is disputed, is not erroneous, when the context shows that, it was given as the contention of one of the parties.

Appeal from trial term, Rockland county.

Action on promissory notes by James Garner West against William P. Banigan and another. From a judgment in favor of plaintiff, and an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Richard S. Harvey, for appellants.

A. H. F. Seeger, for respondent.

JENKS, J. This action is upon promissory notes made by defendant Banigan, indorsed by the defendant Brown, and delivered to the plaintiff. The defendants admitted the making and the delivery, and by concessions at the trial confined the defenses to failure of consideration and to the nature of the indorsements. In 1894 this plaintiff was maintaining actions in New York and New Hampshire against Banigan, based upon five promissory notes, aggregating $14,500. When the action in New York was on the eve of trial, plaintiff, Banigan, and Brown, who was of counsel for Banigan, agreed to settle plaintiff's claims against Banigan in consideration of notes of the defendant Banigan for $1,250, indorsed by Brown. The case, upon call, was answered, "Settled," and shortly thereafter plaintiff met Brown at the latter's office. The plaintiff and Brown, in their testimony, agree that the plaintiff then gave to Brown four of the five notes of the first series, and that Brown delivered to plaintiff the notes in suit. Plaintiff also testifies that he signed a paper releasing all claims, and this is not absolutely disputed. But these two parties in their testimony differ over a material point; for Brown testifies that, when the plaintiff put certain notes of the first series upon the table stating that "there were the notes," he took them without examination, and thereupon delivered the notes in suit to the plaintiff, and that only after he gave the notes of the first series to Banigan was it discovered by Banigan that one of the notes was missing. The plaintiff testifies that he produced four notes, and explained to Brown that he could not bring the fifth note, as he had used it to raise money in a transaction with one Goldsmith, in which the note had been secured; that the matter had been settled by payment, but the note had disappeared, and, if he ever found it, he would then deliver it; and that after this explanation Brown received the four notes, and deliv-

ered the notes in suit.  The defendants insist that there was a "breach of plaintiff's contract with Banigan on the failure to deliver this fifth note."  The learned justice submitted this dispute over the incidents of the nondelivery of the one note to the jury, with instructions that, if they believed Brown, their verdict must be for the defendants.  I may assume, then, from the verdict, that the jury believed the plaintiff, and I see no reason to disturb this finding.  I think that the conduct of Brown, with the other facts shown, was a waiver of any requirement that the missing note should then be delivered, and that he cannot now plead nonperformance in that respect; for an equitable estoppel prevents him.  Thomson v. Poor, 147 N. Y. 402, 409, 410, 42 N. E. 13.  See, too, Grange v. Palmer, 56 Hun, 461, 10 N. Y. Supp. 201; Veerhoff v. Miller, 30 App. Div. 355, 51 N. Y. Supp. 1048;  Bracco v. Tighe, 75 Hun, 140, 27 N. Y. Supp. 1125;  Pike v. Nash, 3 Abb. Dec. 610; Bish. Cont. § 795.  No new consideration was necessary.  Clark v. Dales, 20 Barb. 42, 64, followed in Goodwin v. Insurance Co., 73 N. Y. 495; Veerhoff v. Miller, supra.  The time for the delivery of the missing note was extended until the plaintiff might find it, and in any event the burden was upon the defendants to show that the plaintiff had subsequently found it, and had then failed to give it up.  Work v. Beach (Sup.) 12 N. Y. Supp. 12, affirmed in (Sup.) 13 N. Y. Supp. 678.  In fact, the plaintiff proved that he found the note shortly before this trial, and then produced it in court for delivery.

There is no force in the contention, raised here for the first time, that, even if Brown did knowingly accept but four notes, his act was not binding upon Banigan.  But Brown was the agent of Banigan, and it appears that the latter accepted and retained the four notes, with Brown's explanation that plaintiff had failed to give up the fifth note, and has received and kept the benefits of the compromise or agreement.  He acquiesced in and ratified this act of Brown, and is bound.  Benedict v. Smith, 10 Paige, 126; Palmerton v. Huxford, 4 Denio, 166; Myers v. Insurance Co., 32 Hun, 321, affirmed in 99 N. Y. 1, 1 N. E. 33.  He could not rescind, and not fully restore. Francis v. Railroad Co., 108 N. Y. 93, 98, 93 N. E. 192.

The defendants further contend that the plaintiff was guilty of a "breach of contract, in that he failed to give the papers necessary to a formal discontinuance of the pending suits upon the first series of notes."  No formal discontinuances thereof were had previous to this trial.  The plaintiff himself testifies that it was understood that "all my claims against Banigan were to be given up," and there was a delivery of the notes which were the basis of the claims, and the execution of the paper of release.  Naturally, there was to be no further prosecution of the pending suits.  But it is not asserted that the agreement required the plaintiff to prepare or to proffer any written consents for discontinuances, or to procure the discontinuances.  It is not asserted that at any time the defendants ever asked from the plaintiff a written consent, or ever presented one for his signature, or ever demanded action on his part, or ever suggested that they claimed default in any respect.  There was some indefinite testimony of verbal requests upon plaintiff's former attorney, who died before this.

trial; but it was admitted that "he did not say much; he said he was out of the case entirely." The plaintiff is a layman. The defendants are lawyers. Nothing shown stays a conclusion that plaintiff was always ready to do his part towards any formal discontinuance. The defendants made no sign. The cases remained undisturbed, possibly forgotten, for years, as dead issues on past calendars. Where no affirmative duty was cast upon the plaintiff under his contract, it was no more his duty to offer, than it was that of the defendants to ask. The defendants cannot now make this omission of formalities a weapon to beat down the plaintiff, after they have taken and kept the benefit of the agreement, and even the substance of discontinuances. If consents were essential to carry out the intentions of the parties within the terms of the contract, they were forthcoming thereunder. Jugla v. Trouttet, 120 N. Y. 21, 27, 23 N. E. 1066. And the defendants could have compelled the execution thereof at any time. Maas v. Chatfield, 12 N. Y. Wkly. Dig. 268, affirmed in 90 N. Y. 303; Deen v. Milne, 113 N. Y. 303, 20 N. E. 861. But, if it could be successfully contended that any obligation was upon the plaintiff in the first instance to tender written consents or stipulations, I think the conduct of the defendants was a waiver. Authorities, supra. The case differs from Gildersleeve v. Railroad Co., 11 Daly, 257, cited by the defendants, in that there the court say, "The agreement appears to have been that the plaintiff in that action would cause its discontinuance, not putting the defendant to the trouble of any motion in reference thereto." The defendant Brown is liable. Bank v. Parker, 130 N. Y. 415, 29 N. E. 1094; Bank v. Wells, 79 N. Y. 498. It is well settled that the plaintiff was a holder for value. Daniel, Neg. Inst. § 831c, citing many authorities in New York state. And see, Wahl v. Barnum, 116 N. Y. 87, 22 N. E. 280, 5 L. R. A. 623; Russell v. Cook, 3 Hill, 504; Feeter v. Weber, 78 N. Y. 334; Meltzer v. Doll, 91 N. Y. 365, and cases cited.

The appellants also insist that the learned court erred in thus charging the jury:

"It was known and understood at the time that there was one of the five notes for which the action had been pending in this county, which was not then in the control of the plaintiff," etc.

It is said that the charge in this respect was "a misconception and misleading," inasmuch as, though this was a statement of the testimony of the plaintiff, the defendant Brown at least had testified to the contrary. The context is sufficient reply. The learned court said:

"One note was not delivered. That note is now here before the court. The defendant claims that the five notes in suit were delivered upon condition that all notes should be delivered to them—returned to them—at the same time. The plaintiff says no. It was known and understood at the time that there was one of the five notes for which the action had been pending in this county which was not then in the control of the plaintiff," etc.

It is plain that the court was here stating the opposite versions. The point of the defendants rests upon a punctuation mark. The charge is not read in print by the jury. The learned court in the very next sentence said, "Now, gentlemen, it is for you to determine what was in contemplation at that time," whereupon he again de-

tailed the conflicting statements of the witnesses. The transaction was an accord and satisfaction between the parties. Logan v. Davidson, 18 App. Div. 353, 45 N. Y. Supp. 961; Jaffray v. Davis, 124 N. Y. 164, 26 N. E. 351, 11 L. R. A. 710.

The judgment and order should be affirmed, with costs. All concur.