# NEW YORK SUPERIOR COURT.

ALEXANDER GILLESPIE and others agt. ALEX'R CARPENTIER.

*Admissions*, whether of law or of fact, which *have been acted upon* by others, are conclusive against the party making them, in all cases between him and those whose conduct he has thus influenced. And it makes no difference in the operation of this rule whether the thing admitted be *true* or *false*; it being the fact that it has been *acted upon* that renders it conclusive.

Where the number of bushels of wheat sold by the plaintiff to the defendant was, by their agreement, " to be ascertained by weight," and the whole was weighed and the number of bushels thereby ascertained, and the weigher's certificates thereupon delivered to the defendant, and the defendant acted upon the proposed correctness of those certificates in making his payments on account of the purchase, and in shipping the wheat to France and drawing bills against the shipments and settling therefor with his correspondent in France,

*Held*, that the plaintiff, some two years after all this, was *estopped* from claiming that the weight of the wheat was in excess of what those certificates exhibited.

*General Term, June*, 1863.

*Before Justices* Bosworth, Moncrief and White.

This action coming on to be tried before Chief Justice Bosworth and a jury, and the plaintiffs having produced evidence in support of the averments in their complaint and rested their case, upon motion of the counsel for the defendant, the court ordered a dismissal of the plaintiffs' complaint against the objection of the said plaintiffs, and the said plaintiffs' counsel then and there duly excepted to said dismissal and refusal to submit the case to the jury then and there impanneled to try the same; whereupon the court ordered the questions of law arising on the exceptions taken at the trial—the case presenting only questions of law—to be heard at the general term in the first instance, and the entry of the judgment in the meantime to be suspended.

J. S. McCulloch and S. P. Russell, *for plaintiffs*.

E. Randolph Robinson, *for defendant*.

Moncrief, Justice.    The sole question to be considered in this case is, whether upon the evidence in the cause a verdict in favor of the plaintiffs could be upheld.    If such a verdict would be set aside, then there was no error in dismissing the complaint, and the exceptions must be held to be untenable.

The complaint in substance is, " that on or about the 23d day of December, 1853, the plaintiffs bargained and sold the said defendant at his request, at said city, for cash, a quantity of Canada wheat in store, to wit, about six thousand three hundred bushels, at the price of one dollar and sixty-five cents per bushel, the number of bushels to be ascertained by weight; that on or about the 27th day of December, the plaintiffs bargained and sold to the defendant, at his request, at said city, for cash, a quantity of Canada wheat, in store, to wit, about ten thousand four

hundred and eleven bushels, at and for the price of one dollar and seventy-five cents per bushel, the number of bushels to be ascertained by weight; that said wheat was weighed and the number of bushels thereby ascertained, and the weigher's certificate thereof thereupon delivered to said defendant, &c.; that certain payments on account of said two purchases were made on the 7th, 11th and 12th days of January, 1854; that there is still due and owing to said plaintiffs from said defendant the balance of $273.13, with interest from the 12th day of January, 1854," &c.

The answer denies the quantity of wheat delivered as alleged in the complaint; avers the payments as specified therein, and that the " sum paid on the 12th of January, 1854, was in full payment of all the wheat ever before that time purchased of the plaintiffs by the defendant."

·The defendant further alleges " that the amount of said payment was computed and adjusted between the defendant and plaintiffs upon weighers' certificates of the weight and quantity of said wheat, furnished by the plaintiffs to the defendant shortly before such payments were made, and the defendant paid to said plaintiffs the full amount which appeared to be due from him to them by said certificates," &c. And further, " that all said wheat was shipped by defendant to France, and invoiced by him and sold by him in France at the amount as to quantity stated in said certificates."

The action appears to have been commenced in September, 1856.

The weighers testified that they weighed the wheat in question and sent returns thereof to the plaintiffs, who never claimed to them that there was error. It was admitted " that the plaintiffs had the wheat weighed on its delivery to defendant, and before the 12th day of January, 1854, sent to defendant a bill, with the weighers' certificates annexed, by both of which certificates and bill it

appeared that the quantity delivered to the defendant was
as follows : Under sale of December 23_ _ _ _6,225 bushels;
            "              "      ,27_ _ _ _10,278   "
and the whole amount of the bill, at the price of $1.65 a
bushel for the first mentioned parcel, and $1.75 for the
second mentioned parcel, was (including therein one-half of
the expenses of weighing the same) $28,302.62.   There-
upon the defendant paid the plaintiffs on account of and in
settlement of the bill ·the following amounts at the follow-
ing dates :

| | | | | |
|---|---|---|---|---|
| January, 7, 1854, | . | . | . | $12,000 00 |
| "   11,   " | . | . | . | . | 9,000 00 |
| "   11,   " | . | . | . | 5,000 00 |
| "   12,   " | . | . | . | . | 2,302 62 |

and on the occasion of the last payment the plaintiffs de-
livered to the defendant a receipt, of which the following
is a copy :

" ' NEW YORK, 12th January, 1854.

" ' Received from A. Carpentier two thousand three hun-
dred and two dollars and sixty-two cents, balance in full
purchase of wheat as per account.

" ' GILLESPIE, DEAN & Co.,

" ' Per G. M. Clebburn.' "

" The defendant was a commission merchant, and had
bought the wheat on an order from France ; as soon as the
defendant bought, he shipped it to France, drew bills
against the shipment and settled with his correspondent in
France, and according to the measurements in the weigh-
ers' certificates and plaintiffs' bill delivered to defendant
by plaintiffs, receiving payment only for the amount therein
stated."

It was not until after all this had happened that plain-
tiffs claimed that there was an error or that defendant had
heard of the alleged error.

The question of law arises upon this state of facts,
whether the plaintiffs are estopped from claiming that in

point of fact the second lot of wheat weighed " ten thousand three hundred and ninety-two and 62-100 bushels," as alleged in the complaint, instead of " ten thousand two hundred and seventy-eight bushels," as stated in the weigher's certificate as returned to the defendant by the plaintiffs as per their account rendered as aforesaid.

Admissions, whether of law or of fact, which have been acted upon by others, are conclusive against the party making them, in all cases between him and the person whose conduct he has thus influenced. (1 *Greenl. Ev.*, § 207.) It makes no difference in the operation of this rule whether the thing admitted be true or false ; it being the fact that it has been acted upon that renders it conclusive. (*Id.*, § 208.)

Judge Bronson, approving of the decision in 8 *Wend. R.*, 483, (*Welland Canal Co.* agt. *Hathaway*,) in his dissenting opinion in 3 *Hill's R.*, 220, (*Dezelt* agt. *Odell*,) in discussing the question of estoppel, says : " Before the party is concluded it must appear, 1st. That he has made an admission which is clearly inconsistent with the evidence he proposes to give, or the title or claim which he proposes to set up ; 2d. That the other party has acted upon the admission ; and 3d. That he will be injured by allowing the truth of the admission to be disproved." The authorities upon this point are numerous, and all speak the same language. (*Frost* agt. *The Saratoga Mutual Ins. Co.*, 5 *Denio R.*, 154, *and cases cited at p.* 158.)

· The number of bushels of wheat was, by the agreement of the parties to this action, " to be ascertained by weight." The plaintiffs allege as a material averment in their complaint, that the whole was weighed and the number of bushels thereby ascertained, and " the weigher's certificate thereupon delivered to said defendant." These returns of weight were so delivered by the plaintiffs, (*fols.* 61, 65.) It is clearly inconsistent now to set up that the weight was in excess of what those certificates exhibited. The defendant acted upon the proposed correctness of the certificates

in making his payments on account of his purchases; in making the payment of the 12th of January, 1854, which the plaintiff received " as balance in full purchase of wheat," as per account, which they thus again repeated was without error; in the shipment of the wheat to France, drawing bills against the shipments, and settling with his correspondent in France, relying upon the measurements in the weighers' certificates and the bill of the plaintiffs; and in receiving payment only for the quantity stated in those returns.  The defendant, assuming it to be true that a greater number of bushels of wheat was actually delivered to him than the certificates and the plaintiffs' account specified, must necessarily suffer by permitting the plaintiffs now to assert the claim, (*Cheever* agt. *Smith*, 15 *J. R.*, 276;) he is thereby deprived of the opportunity of establishing the true measurement, and of corroborating the truth of their assertion in January, 1854; he is left for two years with its silent indorsement of the certificates being correct; he has drawn upon his principal upon that basis, and a settlement has been made.  It seems quite clear that good conscience requires that the plaintiffs should not, under such circumstances, be permitted to speak in derogation of their claim as made in 1854, and acquiesced in for two years subsequently.

The complaint was therefore properly dismissed, and judgment must be entered upon the verdict for the defendant, with costs.