The judgment should be reversed, with costs to abide the event.

All concurred, except CULLEN, J., absent.

Judgment and order reversed, and new trial granted, costs to abide the event.

---

MARY E. VEERHOFF, as Executrix, etc., of ERNST H. VEERHOFF, Deceased, Appellant, *v.* MARY E. MILLER and Others, Defendants; MARION THOMPSON, Respondent. (Two cases.)

*Mortgage — a receiver of the rents appointed, although the principal sum is not due — mutual promise for extension of time of payment.*

Where mortgaged premises are insufficient in value to pay the mortgage lien, and the persons responsible for any deficiency are wholly insolvent, the holder of the mortgage, in an action for the foreclosure thereof, is entitled to the appointment of a receiver of the rents of the mortgaged premises, although, by reason of an extension of time of payment of the principal thereof, the interest only can be collected in the action, the time within which, by reason of a default in the payment of interest, the principal would become due, not having expired at the time that the foreclosure suit was brought.

Mutual promises for the extension of the time of payment of a mortgage constitute a sufficient consideration for a contract to that effect, or, if insufficient, create an estoppel, which is available to a party misled thereby to his prejudice.

APPEAL by the plaintiff, Mary E. Veerhoff, as executrix, etc., of Ernst H. Veerhoff, deceased, from two orders of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 6th day of April, 1896, denying the plaintiff's motion for the appointment of a

receiver of the rents of the premises described in the complaint herein.

These actions were brought to foreclose two mortgages.

*Samuel Cohn,* for the appellant.

*John J. Crawford,* for the respondent.

HATCH, J.:

The moving papers disclose that the mortgages, which are the subject of foreclosure by their terms, became due and payable on the 24th day of February, 1898, at which time there was due and unpaid upon each the sum of $8,500, with interest thereon from August 24, 1897. It further appears that the persons who executed the mortgages are pecuniarily irresponsible, and that the premises are not sufficient in value to pay the mortgage liens thereon. Default has been made in the actions by the mortgagors, and the only person who interposes an answer is a purchaser from the mortgagors and the owner of the equity of redemption. In and by her answer it is averred that, prior to the time when said mortgages became due and payable by their terms, she entered into an agreement in writing with the plaintiff, wherein and whereby the plaintiff agreed to extend the time of payment of said mortgages for a period of one year from the date when, by their terms, they became due and payable; and it is upon this agreement that the defendant Thompson, who alone appears, relies.

The letters which passed between the mortgagor and the owner of the equity of redemption contained a proposal to extend the time of payment of the mortgages for one year by the mortgagee, and the acceptance of such extension upon the part of the owner of the equity of redemption. These letters, therefore, contained material stipulations of the parties; that the time for the payment of the mortgages should be extended for one year, and such stipulations were binding upon the parties thereto. It is the general rule that contracts under seal cannot be modified or released before breach by an unexecuted agreement. (*Farrington* v. *Brady*, 11 App. Div. 1.) Such rule, however, is subject to an exception in respect of the time of performance (*Homer* v. *Guardian Mutual Life Ins. Co.*, 67 N. Y. 478) where it is said by Judge ALLEN: " The time for the

performance of contracts by specialty, as well as simple contracts, may be extended by parol, and when so extended it is as if the extended time was written in and made a part of the original contract, every other provision remaining intact, and to be carried out with the single modification as to time." This doctrine proceeds upon two theories: *First*, that the promises contained in the agreement of extension being mutual in character, the one is a consideration for the other, and even though there be no express promise by one, the agreement to forbear raises an implied promise on the part of the other party. (*Wyman* v. *Phœnix Mut. Life Ins. Co.*, 119 N. Y. 274.) As applied to the present case, the proposal to extend by the mortgagee, and the acceptance by the owner of the equity of redemption of such proposal, created the contract that demand of payment of the principal of the mortgages would not be made, and that payment could not be, unless the mortgagee consented, until the expiration of the extended time of payment. The acceptance of the proposal implied such promise upon the part of the owner. *Second.* It is the general rule that he who permits a thing to be done shall not avail himself of any benefits by non-performance which has been occasioned by his act. Upon this principle has arisen the doctrine of waiver and estoppel. It finds application here for the reason that, by virtue of the arrangement to extend the time of payment, the owner has been led into the belief that payment would not be demanded, and thereby was induced to forego making provision to meet the payment which would otherwise have fallen due. Such is the allegation contained in the answer of the defendant, which is to be regarded as true upon this application. Whether the act of the mortgagee is to be denominated a waiver of the time, or he is held to be estopped by reason of the promise and its acceptance, is of small matter. The result is the same, and both may be said to follow as a consequence of the act. (*De Frece* v. *Nat. Life Ins. Co.*, 136 N. Y. 144; *Boutwell* v. *O'Keefe*, 32 Barb. 434; *Clark* v. *Dales*, 20 id. 64; *Grange* v. *Palmer*, 56 Hun, 481.) The doctrine of these cases also goes upon the theory that it is unnecessary that there should be a parting with value, by payment or otherwise, in order to constitute a consideration. The mutual promises are sufficient for that purpose, or, if insufficient, the agreement which has misled the party to his prejudice is available.

Such is the equitable rule. (*Van Syckel* v. *O'Hearn*, 50 N. J. Eq. 173.)

The defendant Thompson being the owner of the equity of redemption, the mortgage can be enforced against her land. She, therefore, possessed an absolute property interest which would be affected, and consequently stood in such relation to the mortgagee as enabled the parties to stipulate as they did. This conclusion, however, does not lead to an affirmance of the order, but in view of the facts a contrary result must obtain. It is undisputed that the interest remained due and unpaid. There was no agreement for an extension of payment of the interest, in consequence of which the same became due and payable, as provided in the mortgages. Default in this respect authorized the maintenance of an action to foreclose for the sum due. (*Burt* v. *Saxton*, 1 Hun, 551.) The mortgage is not set out in the record, but it was stated upon the argument, and not denied, that the clause relating to the payment of interest did not make the principal sum, payable by the mortgages, due unless the default had existed for thirty days. Such time had not run when these actions were begun. This leaves the right to enforce the mortgages for the interest due, and no more. It is undisputed that the mortgaged premises are insufficient in value to pay the mortgage liens, and that the persons responsible for any deficiency are wholly insolvent. The rents of the premises are being collected by the defendant Thompson, who is under no liability to pay the mortgage debt. In view of these facts, the plaintiff shows herself entitled to the appointment of a receiver, even though she may not be entitled to enforce her mortgages to their full extent at this time; as upon the facts now appearing there is liable to be a future deficiency upon the enforcement of the whole mortgage. (*Ross* v. *Vernam*, 6 App. Div. 246.) It, therefore, follows that the motion should have been granted.

The order should be reversed, with ten dollars costs and disbursements, and the motion for a receiver granted.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion for receiver granted.