(39 Misc. Rep. 255.)

### LAZZARI et al. v. HAVENS.

(Supreme Court, Special Term, New York County. November, 1902.)

1. MECHANIC'S LIEN—DEBT—EXTENSION OF TIME OF PAYMENT.

In February, 1901, a creditor wrote to a debtor, who was in embarrassed circumstances, as to a debt due under a contract which had been completed on November 1, 1900, at which time the payment was due, stating that if the debtor was willing to pay interest from November 1, 1900, and the principal as soon as possible, the creditor would wait a reasonable time. *Held* not to extend the time when the price became due beyond November 1, 1900, within Laws 1897, c. 418, § 41, providing for notice of lien to be filed within one year after the agreed price for finishing a monument or gravestone becomes due.

2. SAME—BANKRUPTCY.

Where a debtor is adjudged a bankrupt November 22, 1901, a lien filed December 6, 1901, by one who had furnished him with a monument for a cemetery, November 1, 1900, is void, and gives the creditor no greater rights in the bankrupt's estate than those of unsecured creditors.

Action by John B. Lazzari and others against James B. Havens to foreclose a mechanic's lien. Complaint dismissed.

Cantor, Adams & McIntyre (Edward Jacobs, of counsel), for plaintiffs.

Whitfield Terriberry, for defendant.

GILDERSLEEVE, J. On January 3, 1900, the parties to this action entered into a contract in writing, by which plaintiffs were to make a monument to be placed in Woodlawn Cemetery, for which defendant was to pay plaintiffs the sum of $1,550 "upon the completion of the contract." The complaint alleges that the contract was completed by plaintiffs on September 4, 1900, but the parties appear to agree that it was not entirely completed until November 1, 1900, and that the sum of $1,550 became due on that day, under the terms of the contract. The defendant, however, was apparently in straitened circumstances, and failed to pay any portion of the said sum.

Plaintiffs do not seem to have pressed the matter until about February 16, 1901, on which day they wrote a letter to the defendant, in which they made the following offer, viz.:

"We [the plaintiffs] are willing to meet you half way in the matter [of defendant's said indebtedness], and if you will send us a statement that you are willing to pay interest on your bill from November 1, 1900, and to pay the amount of the bill as soon as possible, with the interest, we should like to have you, and will be willing to wait a reasonable time for you to get your affairs straightened out."

To this letter defendant replied on February 18, 1901, as follows:

"I accept your proposition, and wish to say that I am willing to pay interest from November 1, 1900, on the bill I owe you, and will pay it and the principal as soon as I can, which I hope will not be long."

Nothing, however, has ever been paid, either on the principal or as interest. On November 15, 1901, the defendant filed a petition in bankruptcy, and on November 22, 1901, was adjudged a bankrupt. The claim herein of the plaintiffs was duly proved in the bankruptcy proceeding. On December 6, 1901, about two weeks after the defendant had been adjudged a bankrupt, plaintiffs filed a notice of lien against the monument, and brought this action to recover $1,550, with interest from November 1, 1900, and for the foreclosure of the lien and the sale of the monument. The defense is based on the bankruptcy proceeding and upon the claim that the lien was void because it was not filed within the statutory time.

The plaintiffs' claim was at first listed in the bankruptcy proceeding as an unsecured one, but afterwards, when the lien had been filed, an order was made withholding any dividend coming to plaintiffs in the bankruptcy proceedings until the determination of the case at bar, as, under section 57, subd. e, of the bankruptcy law [U. S. Comp. St. 1901, p. 3443], secured creditors' claims are only allowed "for such sums as to the court seem to be owing over and above the value of their security," and the value of the plaintiffs' security, should the lien be upheld, could only be determined after the foreclosure of the lien and the sale of the monument.

The lien law (Laws 1897, c. 418, § 41) provides that "such notice of lien may be filed at any time after the completion of the work, but must be filed within one year after the agreed price for finishing or placing such monument, gravestone, or other structure, becomes due." As we have seen, the price, under the contract of January 3, 1900, became due "upon the completion of the contract," which occurred on November 1, 1900, while the notice of lien was not filed until December 6, 1901, more than one year later. The plaintiffs, however, claim that the letters of February 16, 1901, and February 18, 1901, above quoted, operated to extend the time, when the price became due, from November 1, 1900, to some "reasonable time" later than February 16, 1901. It is claimed that these letters constituted a new contract, whereby, in consideration of the payment of interest from November 1, 1900, the time of payment was extended beyond February 16, 1901, so that one year from the time when the price became due had not expired when the notice of lien was filed on December 6, 1901. In opposition to this contention the defendant urges that the consent to wait a "reasonable time," contained in the letter of February 16, 1901, was a mere indulgence, and was not a valid contract extending the time of payment, for the reason that no good consideration appears to have been given for such extension, as the promise to pay interest on the claim was not a valid consideration. It is true that interest is recoverable on contracts for the payment of money from the time when the principal ought to have been paid. Williams v. Sherman, 7 Wend. 109. The defendant, therefore, urges that plaintiffs were entitled to interest from November 1, 1900, irrespective of any agreement on the part of defendant contained in his letter of February 18, 1901, to pay the same. The defendant points out that the agreed price had been due for more than three months when these letters were written. The parties, however, were at liberty to make a supplemental

arrangement to extend the time of payment. In the case of Veerhoff v. Miller, 30 App. Div. 355, 51 N. Y. Supp. 1048, it was held that "mutual promises for the extension of the time of payment of a mortgage constitute a sufficient consideration for a contract to that effect, or, if insufficient, create an estoppel, which is available to a party misled thereby to his prejudice." The plaintiffs claim that the same principle applies here, and that the letter of February 16th certainly operated to give to the defendant further time in which to pay the agreed price, which had become due on November 1, 1900, and that, as defendant got the benefit of this extension, he can hardly be entitled afterwards to raise the point that the plaintiffs received no consideration for their indulgence to him. It is undoubtedly a general principle that he who permits a thing to be done shall not avail himself of any benefits arising from a nonperformance which has been occasioned by his own act. Upon this principle has arisen the doctrine of waiver and estoppel. Veerhoff v. Miller, 30 App. Div. 357, 51 N. Y. Supp. 1048. Plaintiffs point out that, instead of giving the extension of February 16, 1901, they could have filed their notice of lien then, which would have been well within the statutory time, as only a little more than three months had elapsed since the agreed price had become due under the contract of January 3, 1900. Plaintiffs, therefore, contend that the defendant should not be allowed to avail himself of the benefit arising from the nonperformance by the plaintiffs of the act, i. e. the filing of the notice of lien, which would have secured their claim, since such nonperformance was occasioned by defendant's own act in promising to pay the principal and interest as soon as he could, which he hoped would not be long. Veerhoff v. Miller, supra.

But did the letter of February 16th extend the time when "the price became due," under the contract of January 3, 1900? A careful examination of the wording of the letter would seem to suggest a different construction. As the defendant was in straitened circumstances, the plaintiffs seem to have simply indicated that they would not then press their claim, but would allow the defendant "a reasonable time" in which to straighten out his affairs; while at the same time they particularly stipulated, by the interest clause, that the date when the price became due was November 1, 1900, not February 16, 1901, nor any "reasonable time" thereafter. The wording of the statute is clear and positive, and it requires the filing of the notice of lien "within one year after the agreed price became due." Adler v. Lumley, 46 App. Div. 230, 61 N. Y. Supp. 688. I am of opinion, therefore, that the agreed price became due on November 1, 1900, and plaintiffs' statement in the letter of February 16, 1901, that they were "willing to wait a reasonable time" for defendant "to get his affairs straightened out," while stipulating for the payment of interest from November 1, 1900, did not operate to alter the original contract of January 3, 1900, by fixing a different date as the time when the agreed price became due. The plaintiffs should have filed their notice of lien within one year from November 1, 1900. As they did not do so, the lien is void.

But, were the defense based upon the defect in the time of filing the lien not well founded, the defense of bankruptcy would be a suffi-

cient bar to plaintiffs' recovery. The plaintiffs urge that the filing of the lien changed plaintiffs from unsecured to secured creditors. In the case at bar, as we have seen, the notice of lien was not filed until some three weeks after the filing of the petition in bankruptcy.

In 2 Collier, Am. Bankr. Rep. 219, note, we find the following language, viz.:

"The questions which in bankruptcy frequently arise in connection with claims of lienors under mechanic's lien laws relate not to the rights of lienors to enforce liens whose existence is admitted, but go to the existence of the lien in particular cases. If the lien is a perfected one, then it is conceded by all the authorities that it is not impaired by the bankruptcy of the person upon whose property it exists. If the lien exists, and some further proceeding must be taken for the purpose of preserving it, such proceeding may be taken by the lienor after the bankruptcy as well as before; and the bankruptcy court will then protect the rights of the lienor. But if there is no lien existing at the time of filing the petition, although there may have then existed a right to acquire a lien, there is no valid lien which can be asserted against the trustee."

A large number of federal decisions are cited in support of the doctrine thus laid down.

In the case at bar at the time of the filing of the petition in bankruptcy no lien was existing.

The statute (Laws 1897, c. 418, § 40) provides that:

"A person furnishing or placing in a cemetery or burial ground, a monument, gravestone, inclosure or other structure, has a lien thereon for the agreed price thereof or the part remaining unpaid, with interest from the time the amount was due, upon filing with the superintendent or person in charge of such cemetery or burial ground, a notice of lien as provided in this article."

The lien, therefore, only commences to exist upon the filing of the notice, which was not done by plaintiffs until some three weeks after the filing of the petition in bankruptcy and some fourteen days after defendant had been adjudged a bankrupt.

In the case of Goldman v. Smith, 2 Am. Bankr. Rep. 104, the United States district court approved the doctrine that "if the lien is not perfected when proceedings in bankruptcy are commenced the creditor is prevented from obtaining it,"—citing Morgan v. Campbell, 22 Wall. 381, 22 L. Ed. 796.

In the case of In re Kerby-Dennis Co., 2 Am. Bankr. Rep. 402, 95 Fed. 116, the United States circuit court held that it seemed to be the design of congress, in the bankruptcy act, "to protect all liens, whether arising by contract or statute, and only to avoid those which are in fraud of the act, and those which have been secured by and arise from legal proceedings within the limited time specified before bankruptcy," i. e., four months before the filing of the petition in bankruptcy. But it was there held that a mechanic's lien, obtained within four months prior to the filing of the petition, if perfected according to the provisions of the statute, is a valid and subsisting lien under the bankruptcy act, and is not a lien obtained by or pursuant to legal proceedings, but is a creature of statute. Such liens, however, the court held, cannot be recognized and enforced in bankruptcy, if the lienors have not complied with all the statutory provisions for perfecting them. There is nothing in this decision to support the con-

clusion that a lien, which has not been obtained until three weeks after the filing of the petition in bankruptcy and two weeks after the debtor has been adjudged a bankrupt, is a valid and subsisting one. The plaintiffs are not entitled to a foreclosure of the lien, but will have to take their share, like other unsecured creditors of defendant, in the dividends declared in the bankruptcy proceedings. The complaint is dismissed, but, under the circumstances, without costs.

Complaint dismissed, without costs.