## FIZBURG v. RAMSEY.

(Supreme Court, Appellate Term. January 17, 1906.)

DISMISSAL AND NONSUIT—RIGHT TO DISCONTINUE—INTERPOSITION OF COUNTER-CLAIM.

> Where a counterclaim is interposed, plaintiff has no absolute right to discontinue upon payment of costs, but he must show facts such as to justify the court in permitting him to discontinue, and whether such permission shall be granted over defendant's objection rests within the discretion of the court.

> [Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Dismissal and Nonsuit, § 34.]

Appeal from City Court of New York.

Action by Philip Fizburg against Charles Ramsey. From an order denying a motion for leave to discontinue, plaintiff appeals. Affirmed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

Henry Fluegelman, for appellant.

Job E. Hedges, for respondent.

BLANCHARD, J. This is an appeal from an order of the City Court denying a motion by the plaintiff for leave to discontinue. The cause of action alleged in the complaint is substantially the same as that set up in the answer, each party seeking to recover from the other the sum of $1,000 upon two similar promissory notes given by each to the other, to secure the performance of a contract made between them.

The learned court below held, and rightly, that no sufficient reason was given in the moving papers for granting the motion. The rule laid down by the Court of Appeals in the matter of Lasak, 131 N. Y. 624, 627, 30 N. E. 112, is decisive. It states:

"In ordinary actions it is not always the absolute right of a plaintiff to discontinue his action. In all cases where the defendant becomes an actor and is interested in the continuance and trial of the action, as when he sets up a counterclaim or sets up a claim to property, which is in litigation, and asks in his answer for affirmative relief in reference thereto, he may resist the discontinuance of the action, and then it rests in the discretion of the court whether or not the plaintiff shall be permitted to discontinue it."

The defendant is equally an actor with the plaintiff in the prosecution of the action, and the burden is upon the plaintiff to present the facts, which would justify the court in granting the relief he seeks. He presents no facts, whatever, but "believes that it will be for the best interests of the parties hereto that this action be discontinued," and, in making the motion, he appears to have proceeded upon the erroneous theory that he had an absolute right to discontinue. The plaintiff is no more entitled to have this action discontinued upon payment of costs than would the defendant. The defendant has been put to trouble and expense in defending the action and in asserting his counterclaim, and he is entitled to have his rights determined therein.

The order appealed from is affirmed, with costs and disbursements. All concur.