cident. It is well to note the fact that the additional evidence is not subject to the criticism that it was furnished by friendly witnesses to eke out or to obviate the shortcomings of the plaintiff's case on the first trial, but that it was obtained from the lips of the defendant's motorman.

The judgment should be reversed, and a new trial should be ordered, costs to abide the event.

Judgment and order of the County Court of Westchester County reversed on reargument, and new trial ordered; costs to abide the event. All concur.

---

(61 Misc. Rep. 49.)

AMERICAN EXCH. NAT. BANK v. SMITH et al.

(Supreme Court, Appellate Term.   November 30, 1908.)

1. DISMISSAL AND NONSUIT (§ 19*)—VOLUNTARY DISCONTINUANCE—RIGHT TO—COUNTERCLAIMS.

Where a counterclaim is pleaded, the granting of a discontinuance upon payment of costs is discretionary with the court.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 34; Dec. Dig. § 19.*]

2. DISMISSAL AND NONSUIT (§ 19*) — DISCONTINUANCE—REFUSAL—DISCRETION NOT ABUSED.

Discretion was not abused in refusing to allow a landlord to discontinue a summary proceeding at the close of the evidence, where a counterclaim had been interposed.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 34; Dec. Dig. § 19.*]

3. EVIDENCE (§ 445*)—PAROL AGREEMENT AFFECTING WRITING—ADMISSIBILITY.

In a summary proceeding by a lessor's mortgagee for nonpayment of rent, the tenants could show a verbal agreement between them and lessor whereby the lease was modified, so as to entitle them to apply the rents to a sum which the lessor was required to pay them under the lease, since the parties could make a parol or written contract superseding the lease in whole or in part; the only essential to such parol modification being consideration.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2058; Dec. Dig. § 445.*]

4. LANDLORD AND TENANT (§ 33*)—LEASES—MODIFICATION—CONSIDERATION.

Under a lease requiring lessor to pay a specified sum to lessees, the lessor's subsequent promise not to enforce payment of the installments of rent when due and the lessee's promise not to enforce immediate payment of his debt support an agreement entitling the lessees to apply the rent to the debt.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 94; Dec. Dig. § 33.*]

5. LANDLORD AND TENANT (§ 57*)—LEASES—ASSIGNMENT—RIGHTS OF ASSIGNEES.

A bank, in taking an assignment of a lessor's interest to secure a debt, was chargeable with notice of the rights of the tenants in actual possession.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 134, 135; Dec. Dig. § 57.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. LANDLORD AND TENANT (§ 300*)—LEASES—ASSIGNMENT—RIGHTS OF ASSIGN-EE—SUMMARY PROCEEDINGS.

The assignee of a lessor's interest is in no better position, respecting the tenant's rights in a summary proceeding against them, than the lessor would be.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1293; Dec. Dig. § 300.*]

7. LANDLORD AND TENANT (§ 298*)—SUMMARY PROCEEDINGS—COUNTERCLAIM.

In a summary proceeding by a lessor's assignee for nonpayment of rent, the tenants could plead a parol agreement with the lessor whereby the lease was modified so as to entitle them to apply the rents to a sum which the lessor was required to pay under the lease, since, under Code Civ. Proc. § 2244, in such proceedings new matter constituting a defense or counterclaim may be shown as though the claim for rent were the subject of the action.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1280; Dec. Dig. § 298.*]

8. LANDLORD AND TENANT (§ 298*)—SUMMARY PROCEEDINGS—COUNTERCLAIMS—RIGHT TO INTERPOSE.

In summary proceedings to recover possession of demised premises, a counterclaim may be interposed, though no affirmative money judgment can be awarded thereon.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1280; Dec. Dig. § 298.*]

9. LANDLORD AND TENANT (§ 298*)—SUMMARY PROCEEDINGS—COUNTERCLAIMS—EXCESS—METHOD OF RECOVERY.

In a summary proceeding by a landlord, a sum claimed by the tenant to be due him can be offset by way of counterclaim to the extent of the landlord's claim; and, if the counterclaim exceeds the landlord's claim, the excess can be recovered in another action.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1280; Dec. Dig. § 298.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Summary proceeding by the American Exchange National Bank, landlord, against Robert S. Smith and others, tenants and undertenants. From a final order for the tenants and undertenants, and from an order denying a new trial, the landlord appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Cardozo & Nathan (Edgar J. Nathan, of counsel), for appellant.

Max Stern and C. Elliott Minor, for respondent Smith.

James, Schell & Elkus (Joseph M. Proskauer, of counsel), for respondent Richman.

Seibert, Paddock & Cochran (Robert A. Paddock, of counsel), for respondent Wm. B. Riker Son & Company.

Maurice B. Blumenthal, for respondent Bonwit Realty Company.

GILDERSLEEVE, P. J. This is a summary proceeding to recover possession of real estate for nonpayment of rent for the months of January, February, March, April, and May, 1908. The premises were owned in his lifetime by Ernest G. Stedman, who died Decem-

ber 26, 1907, and the fee title to the premises has since been in the heirs or executors of said Ernest G. Stedman. Trimm v. Marsh, 54 N. Y. 599, 13 Am. Rep. 623. By an instrument of lease, dated January 31, 1906, Stedman leased the premises to the respondents Smith and Richman, for 21 years, at the yearly rent of $22,500, to be computed from February 1, 1907, payable monthly in advance, together with all taxes, etc. The lease provided for the construction by the lessees, Smith and Richman, of a new commercial building, in accordance with certain specifications, that were concededly complied with, and the building was completed about September or October, 1907. The lease further provided for the payment of the sum of $40,-000 by the lessor, Stedman, to the lessees, Smith and Richman, toward the cost of such building, from time to time, as the construction proceeded. Of that sum only the amount of $10,000 has been paid by said Stedman, and the balance of $30,000 remains unpaid. The undertenant Bonwit Realty Company entered into possession of the premises about April or May, 1906, and the undertenant William B. Riker Son & Company entered into possession about the middle of October, 1907. Thereafter, and on the 18th day of December, 1907, the said Stedman executed to the American Exchange National Bank a mortgage and agreement giving the said bank possession of the premises, or the right thereto, and assigning to it all leases and the right to collect the rents and apply the same to the mortgage debt or interest thereon, under which agreement the said bank claims the right to institute these proceedings. Some time in the latter part of November, 1907, and prior to such mortgage and agreement, under which the American Exchange Bank so claims possession, an oral agreement was made between Stedman and the respondent Smith by which Smith and Richman were to deduct the rents and retain and apply the same on the payment of the balance of $30,000 due. Acting on such agreement the said Smith and Richman waived the immediate payment of said $30,000, and retained the rents from October, 1907. At the time of the execution of the mortgage, the American Exchange Bank seems to have made no inquiry as to the rights and obligations of the tenants. At the conclusion of the testimony the counsel for the said bank moved to discontinue the proceedings, under section 248 of the Municipal Court act (Laws 1902, p. 1561, c. 580). This motion was denied. There is no dispute that the rent claimed has not been paid, but the said tenants by way of counterclaim claim the right to retain it and apply it on the balance due of the $30,000 above mentioned. The jury rendered a verdict for the tenants, and from the final order in their favor, and the order denying the landlord's motion for a new trial, this appeal is taken.

The verdict of the jury has determined all questions of fact in favor of the tenants, and only questions of law will be considered on this appeal. After all the testimony had been taken, the counsel for the bank made the following motion:

"I move for judgment, and that the proceeding be dismissed, with costs, and offer to pay the costs and disbursements, under section 248 of the Municipal Court act."

Counsel for all the tenants objected to this motion, and asked to have the issues submitted to the jury. The court held that the granting or denial of such a motion to dismiss was within the discretion of the court, and denied the said motion, to which ruling plaintiff excepted. The respective counsel then summed up, and the court submitted the issues of fact to the jury.

Section 248 of the Municipal Court act provides that:

"Judgment that the action be dismissed with costs, without prejudice to a new action shall be rendered in the following cases: (1) Where the plaintiff voluntarily discontinues the action before it is finally submitted."

This provision is mandatory, but this section, it will be observed, specifies only judgments and actions, and does not specifically mention summary proceedings and final orders. Furthermore, without discussing the question as to whether or not the counsel for the bank waived the motion to discontinue by proceeding to sum up to the jury, instead of abstaining from further action at the trial, we may observe that it is a principle of law that, where a counterclaim is pleaded, the granting of a motion for leave to discontinue, upon payment of costs, is a matter of discretion with the court. Matter of Lasak, 131 N. Y. 624, 627, 30 N. E. 112; Fisburg v. Ramsey, 49 Misc. Rep. 217, 97 N. Y. Supp. 359 (Appellate Term). In the case at bar the discretion does not seem to have been abused.

There was no error committed in admitting evidence of the verbal agreement between Stedman and his lessees, modifying the lease as to the payment of the balance of $30,000 by him, and as to the payment of rent by the lessees; for the arrangement was subsequent to the written contract, and it was competent for the parties to make a contract, either in parol or in writing, which should supersede the lease, either in whole or in part. Homer v. Guardian Mutual Life Ins. Co., 67 N. Y. 478; Veerhoff v. Miller, 30 App. Div. 355, 51 N. Y. Supp. 1048; McIntosh v. Miner, 37 App. Div. 483, 55 N. Y. Supp. 1074; Haight v. Cohen, 123 App. Div. 707, 108 N. Y. Supp. 502; Pierrepont v. Barnard, 6 N. Y. 279. The only requirement for the validity of such a parol modification is consideration, and mutual promises of the parties to such agreement were a good consideration for the agreement. Veerhoff v. Miller, supra; McIntosh v. Miner, supra. In this case the promise on the part of the said Stedman was that he would not enforce the payment of the installments of rent as they fell due, and the promise on the part of the lessees was that they would not enforce the immediate payment by Stedman of the $30,000, which was then due from him.

The said bank was chargeable with notice of the rights of the tenants in possession under the circumstances presented. As already stated, no inquiry or investigation of the rights of the occupants appears to have been made by the said bank, at the time of the making of the mortgage and agreement, under which these proceedings were instituted; but actual possession of real estate is sufficient notice to a person proposing to take a mortgage on the property, and to all the world, of the existence of any right ·which the person in possession

is able to establish. Phelan v. Brady, 119 N. Y. 587, 23 N. E. 1109, 8 L. R. A. 211.

The principal point argued was as to the question whether or not the relation of landlord and tenant can be said to have legally existed between the parties. Assuming, however, that the relation did exist, and taking the view most favorable to the bank, it was in no better position than Stedman would have been, had he not made the assignment of the lease.

The parol agreement modifying the lease was properly pleaded in these proceedings, because, in dispossess proceedings, new matter constituting a defense or counterclaim may be set up and established in like manner as though the claim for rent in such proceeding was the subject of the action. Code Civ. Proc. § 2244. The rule is that, in summary proceedings to recover possession of demised premises, a counterclaim may be interposed, though no affirmative money judgment can be awarded thereon. The amount claimed to be due to the tenant can be offset by way of counterclaim to the extent of the claim of the landlord, and if the tenant's counterclaim is in excess of the claim of the landlord the excess may still be recovered in another action. Jefferson Realty Co. v. Hiller, 39 Misc. Rep. 784, 81 N. Y. Supp. 374. Had Stedman brought these proceedings, the parol modification of the lease would have been a complete defense, and certainly from no point of view can the bank be regarded as in any better situation than its assignor and mortgagor, Stedman.

The final order should be affirmed, with costs.

Final order, and order denying motion for a new trial, affirmed with costs.

SEABURY, J., concurs. MacLEAN, J., concurs in result.