ABRAM WOLKOWSKY, *Appellant,* v. GUTMAN KIRCHICK,
ROSA KIRCHICK AND FLORA A. TYNES, *Appellees.*

Opinion Filed March 26, 1921.

1. An agreement, based on a valid consideration, between a
   mortgagee and mortgagor for an extension of time for the
   payment of the indebtedness secured by the mortgage is a
   good defense in a suit to enforce the mortgage lien before
   the expiration of the extended time.

2. Where an agreement, based on a valid consideration, has
   been entered into between a mortgagee and mortgagor for
   an extension of time for the payment of the indebtedness se-
   cured by the mortgage, the mortgagee will be estopped from
   enforcing the obligation upon the theory that the mortgagor
   has failed to pay the indebtedness until the expiration of the
   extended time.

3. A valid agreement extending the time for the payment of
   the indebtedness secured by a mortgage may be affected
   without the formality of a sealed instrument, and especially
   so when the mortgagor or party obligated has, as a result
   of such agreement, materially changed his status.

An Appeal from the Circuit Court for Monroe County;
H. Pierre Branning, Judge.

Affirmed.

*W. Hunt Harris,* for Appellant;

No appearance for Appellees.

WEST, J.—This is a suit brought to foreclose a mort-
gage on real estate. The bill is in the usual form with
the note evidencing the indebtedness and the mortgage

securing the payment of the same attached and made parts of the bill.

The second amended answer of the mortgagors sets up as a defense to the suit an alleged agreement between them and the mortgagee, entered into before the maturity of the note, by the terms of which the mortgagee extended the time for the payment of the indebtedness, and it is averred in substance that the suit was instituted before the expiration of the extended time, for which reason it is said appellant is estopped from enforcing payment of the indebtedness by foreclosure until the expiration of such period and therefore the foreclosure suit was prematurely instituted.

The paragraph of the answer setting up this defense is as follows: "This defendant alleges that during the month of May, 1915, he became and was insolvent, that he owned certain real properties, among which was the property the subject matter of this suit; that there existed certain tax liens unpaid on said mortgage premises and that said premises had not sufficient value to satisfy the mortgage lien of the complainant together with prior tax lien and costs of court and that complainant could not satisfy any deficiency decree by reason of the insolvency of this defendant; that this defendant under the laws of the State of Florida was entitled to occupy one of his said properties and claim the same in a bankruptcy proceeding and thereby the same would be exempt from judgment and sale by a Trustee in Bankruptcy on the claim of any judgment or unsecured creditor, all of which was known to the complainant, and the complainant made a certain verbal agreement with defendant whereby it was alleged that if defendant would arrange and pay tax liens then due on said property, claim the same in bankruptcy

as his homestead, and thereafter promptly pay the semi-annual interest as provided in said mortgage and keep the taxes and assessments paid and satisfied before they became delinquent, that complainant would extend the time of payment of said principal sum for a period not exceeding ten years from said date and relieve the defendant from carrying fire insurance prescribed and required in and by said mortgage and this defendant in consideration thereof laid claim to said property in his bankruptcy proceedings filed in the District Court of the United States in and for the Southern District of Florida in Bankruptcy and thereby claimed the said mortgaged premises in lieu of one of his other properties and obtained a property of lesser monetary value to him and thereby· sustained a monetary loss, and in addition thereto he arranged and paid and satisfied all tax items due and unpaid on said premises, and this defendant subsequent to and in conformity with said verbal agreement has paid and satisfied all tax liens and assessments due against said premises and paid the complainant the semi-annual interest payments as they became due up to and including semi-annual interest due the 13th day of November, 1918, and defendant alleges that the complainant by reason of the premises is estopped from forfeiting said mortgage and that the filing of the bill of foreclosure on the 30th day of April, 1919, was premature."

Exceptions were taken to this paragraph of the answer upon the ground that it does not set up facts sufficient to bar the suit and that it attempts to modify by parol agreement before a breach thereof a contract under seal. Upon a hearing the exceptions were overruled and the appeal is from this order.

14—Vol. 81

In appellant's brief it is said that there is only one question involved, namely, may a contract under seal be modified before breach by parol agreement. This, we think, is not a proper interpretation of the agreement set out in the quoted paragraph of the answer. It is not, strictly speaking, a modification of the contract, but rather a waiver and forbearance, for the consideration stated, to enforce the contract according to its terms before the expiration of the period stated in the agreement. Where a valid agreement to this effect has been entered into the mortgagee will be estopped from enforcing the obligation until the expiration of the time agreed upon. Such an agreement may be effected without the formality of a sealed instrument, and especially so when the party obligated has, as a result of such agreement, materially changed his status as was, according to the averments of the anwser, done by the appellees. No brief has been filed by appellees in this court, but we assume that it must have been upon this theory that the exceptions to the answer were overruled by the court below. Grange v. Palmer, 10 N. Y. Supp. 201, 56 Hun 481; Verrhoff v. Miller, 51 N. Y. Supp. 1048, 30 App. Div. 355; Van Syckle v. O'Heran, 50 N. J. Eq. 173, 24 Atl. Rep. 1024; Bradley v. Glenmary Co., 64 N. J. Eq. 77, 53 Atl. Rep. 49; Hauser v. Capital City Brewing Co. (N. J. Eq.) 57 Atl. Rep. 722; Swon v. Stevens, 143 Mo. 384, 45 S. W. Rep. 270; Faxton v. Faxon, 28 Mich. 159; in re Betts (Mo.) 4 Dillon's 93; Clark v. Dales (N. Y.) 20 Barb. 42; Stone v. Sprague (N. Y.) 20 Barb. 509; Wakefield Bank v. Truesdell (N. Y.) 55 Barb. 602; Fowler v. Brooks, 13 N. H. 240.

In American Securities Co. v. Goldsberry, 69 Fla. 104, 67 South. Rep. 862, in considering the question of the validity of an agreement between the parties to a mort-

gage extending the time for the payment of the indebtedness secured by the mortgage, it was held that such an agreement based on a valid consideration was a good defense to a suit brought to foreclose the mortgage before the expiration of the extended time against a purchaser of the mortgage who had assumed the obligation.

Upon the authority of this holding the paragraph of the answer excepted to set up facts, which, is proved, would be a valid defense to the suit until the expiration of the period of time stated, and there was therefore no error in overruling the exception.

The suit was brought upon the theory that the indebtedness secured by the mortgage was past due and defendant had defaulted in its payment. Whether a covenant contained in a mortgage to keep the buildings or improvements or other property on the mortgaged premises insured may be modified or waived by a subsequent parol agreement is not presented by this record and is therefore not decided.

The order appealed from is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.